AB:PP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – x

UNITED STATES OF AMERICA

    - against -

FRANK SEGUI,

           Defendant.

– – – – – – – – – – – – – – – x

COMPLAINT

(18 U.S.C. §§ 2261A and 875)

19-M-172

EASTERN DISTRICT OF NEW YORK, SS:

        KERRY CALNAN, being duly sworn, deposes and states that she is a Special Agent with the Federal Bureau of Investigation, duly appointed according to law and acting as such.

        From at least in or about October 2018, up to and including in or about February 2019, in the Eastern District of New York and elsewhere, FRANK SEGUI, with the intent to kill, injure, harass, or intimidate, used interactive computer services, electronic communication systems or facilities of interstate and foreign commerce to engage in a course of conduct that: (A) placed a person in reasonable fear of the death of or seriously bodily injury to that person or an immediate family member, to wit, threats to kill or seriously injure JOHN DOE, whose identity is known to the affiant; and (B) caused, attempted to cause, or would have been reasonably expected to cause substantial emotion distress to a person, to wit, JOHN DOE.

        (Title 18, United States Code, Section 2261A(2))

On or about October 30, 2018, within the Eastern District of New York and elsewhere, FRANK SEGUI knowingly and intentionally transmitted in interstate and foreign commerce communications containing threats to injure the person of another, to wit, threats that would result in the death or seriously bodily injury of JOHN DOE, whose identity is known to the affiant.

(Title 18, United States Code, Section 875(c))

The source of your deponent's information and the grounds for her beliefs are as follows:[1]

1.    I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since July 2017. I am currently assigned to the Violent Crimes Task Force. In that position, I have had significant training and experience investigating a wide range of crimes involving violence and threats of violence, including threats made by telephone, online and through other electronic means. I have also interviewed JANE DOE and JOHN DOE who are discussed below. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file, including the defendant's criminal history record; and from reports of other law enforcement officers involved in the investigation. Unless specifically indicated, all conversations and statements described in this affidavit are related in sum and substance and in part only.

2.    Between approximately Fall of 2013 until Summer of 2016, the defendant FRANK SEGUI was a graduate student at a University located within the Western

---

[1]    Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

District of Michigan (the "UNIVERSITY").  At the UNIVERSITY, the defendant was a research assistant for a professor ("JOHN DOE").

3.      By at least October 2015, the defendant FRANK SEGUI became very angry with the JOHN DOE and blamed JOHN DOE for his lack of success at the UNIVERSITY.  In October 2015, the defendant sent an email to JOHN DOE, copying numerous other individuals at the UNIVERSITY, listing his grievances with JOHN DOE and stating that JOHN DOE had broken numerous promises to him.

4.      At some point after this email was sent, an individual at the UNIVERSITY told the defendant FRANK SEGUI that he could receive a Master's Degree but could no longer continue his other graduate studies at the UNIVERSITY.

5.      In approximately June 2018, the defendant FRANK SEGUI moved back from Michigan to Brooklyn to live with his parents where he resided until in or about February 2019.

6.      On or about October 30, 2018, the defendant FRANK SEGUI sent an email to JOHN DOE, copying numerous other members of the UNIVERSITY.  In this email, the defendant wrote, in part, "It's now been 3 years and you people will still not leave me alone. [JOHN DOE] or one of you mother fuckers is telling every person I contact not to hire me. . . . I get it. This is a thing you universities do. . . . First you push them away them you do whatever you can to make them come back to you even if it means ruining their life even if they beg you leave them alone. You need to understand someone though. You're all monsters. You don't deserve life. The world would be better without you. [JOHN DOE] I'm so glad that son of yours is a mute deformed autistic little shit. That's probably god's way of putting you in place. . . . What's fucked up is I know you guys covered your tracks anything

short of tying you down and cutting off your fingers there no way you will ever admit to any wrong doing. You'll just claim I'm crazy and continue ruining my life till the day I die. . . ."

7.      JOHN DOE told law enforcement that, when he received this email in October 2018, he felt threatened and fearful for his safety and the safety of his son, especially because the defendant specifically mentioned JOHN DOE's son in the email. Based on his interactions with the defendant FRANK SEGUI, JOHN DOE felt that this was a credible threat from the defendant.

8.      On or about February 22, 2019, the defendant FRANK SEGUI travelled to the Port Authority Bus Terminal in Manhattan and had a ticket to take a bus from New York to Detroit, Michigan. While at the bus terminal, the defendant was arrested for disorderly conduct by a Port Authority of New York and New Jersey Police Officer. The defendant also resisted arrested.

9.      Following his arrest, the defendant FRANK SEGUI was given Miranda warnings and agreed to speak with law enforcement. The defendant then stated, in sum and substance and in part, that he was planning on going to Michigan to kill JOHN DOE. The defendant stated that he had previously purchased an axe on the internet to kill JOHN DOE, but he did not have access to it because it was his parents' apartment in Brooklyn and he had just had a fight with them three to four days prior to his arrest and could not return to the apartment. He also stated that, therefore, when he got to Michigan, he would go to a hardware store in the city where the UNIVERSITY is located to purchase another axe and that he would use that axe to kill JOHN DOE. The defendant also stated which motel he would stay at before killing JOHN DOE.

10. The defendant FRANK SEGUI also stated in this interview that he had been monitoring JOHN DOE's publicly available teaching schedule so that he could follow JOHN DOE's locations throughout the day and be able to locate JOHN DOE in order to kill him.

11. Law enforcement spoke to the defendant's father. The defendant's father stated that he had recently kicked out the defendant from his house and that he was not welcome to return. Law enforcement subsequently received from the defendant's father consent to search the defendant's former room and closet at his parents' apartment in Brooklyn. Upon executing the search, law enforcement located the axe purchased on the internet as described by the defendant, as well as the sheath that contained the axe and the packaging for the axe addressed to the defendant.

12. The defendant FRANK SEGUI was ultimately not charged by state authorities for disorderly conduct and resisting arrest. On February 23, 2019, upon his release from state custody, I arrested the defendant for the violations described above.

WHEREFORE, your deponent respectfully requests that the defendant

FRANK SEGUI be dealt with according to law.


KERRY CALNAN
Special Agent
Federal Bureau of Investigations

Sworn to me before this
25th day of February, 2019

/s/ SLT

THE HONORABLE STEVEN L. TISCIONE
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK